**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENIGNO GUTIERREZ-BARRIOS; et al., | No. 08-72859 |
| Petitioners, | Agency Nos.     A072-109-839 |
| v. | A077-432-006 |
| | A076-672-461 |
| ERIC H. HOLDER, Jr., Attorney General, | A076-859-994 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2011[**]

Before:     RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

Benigno Gutierrez-Barrios, Florida Alma Espinoza de Gutierrez, and their

children, natives and citizens of Guatemala, petition for review of the Board of

Immigration Appeals' order dismissing their appeal from an immigration judge's

decision denying their applications for asylum, withholding of removal, and relief

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000), and we deny the petition for review.

Substantial evidence supports the agency's determination that petitioners did not establish past persecution or a well-founded fear of future persecution based on Gutierrez-Barrios' participation in a civil defense patrol because they failed to show a nexus between the threats that he and his family received and a protected ground. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997) (persecution by anti-government guerillas may not, "from that fact alone, be presumed to be 'on account of' political opinion"); *Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991) (mandatory service in the Guatemalan military did not demonstrate a nexus to a protected ground). In the absence of a nexus to a protected ground, petitioners' asylum and withholding of removal claims fail. *See Soriano v. Holder*, 569 F.3d 1162, 1166-67 (9th Cir. 2009).

Substantial evidence also supports the agency's denial of CAT relief because petitioners failed to show that it is more likely than not that they would be tortured if removed to Guatemala. *See id.* at 1167.

**PETITION FOR REVIEW DENIED.**

08-72859